﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 190828-28376
DATE: April 30, 2021

ORDER

Readjudication of the claim for entitlement to service connection for diabetes mellitus type 2 is warranted.

REMANDED

The issue of entitlement to service connection for diabetes mellitus type 2 is remanded.

FINDING OF FACT

New evidence was received after the May 2019 rating decision that is relevant to the issue of entitlement to service connection for diabetes mellitus type 2. 

CONCLUSION OF LAW

The criteria for readjudication of the claim of entitlement to service connection for diabetes mellitus type 2 are met. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(d), 3.2501(a)(1), 19.2; 20.301.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from January 1977 to January 1997. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a May 2019 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO), which continued the denial of the claim of service connection for diabetes mellitus type 2 (diabetes) and declined to readjudicate the claim because new and relevant evidence had not been received.

The Veteran timely appealed that decision to the Board and requested a Board hearing. 38 C.F.R. § 20.202. That hearing was held before the undersigned Veterans Law Judge (VLJ) and the transcript is of record. In adjudicating the application to readjudicate the claim of entitlement to service connection for diabetes, the Board may consider evidence associated with the record prior to May 28, 2019 when VA notified the Veteran that his claim was denied. 38 C.F.R. § 3.2501(b). Favorable findings identified by the RO in its previous rating decisions related to this claim are binding on the Board. 38 C.F.R. § 3.104(c). 

New and Relevant Evidence

VA regulations, applicable to AMA adjudications, provide that if new and relevant evidence is presented or secured with respect to a supplemental claim, the agency of original jurisdiction (AOJ) will readjudicate the claim considering all the evidence of record. 38 C.F.R. § 3.2501. If new and relevant evidence is not presented or secured, the AOJ will issue a decision finding that there was insufficient evidence to readjudicate the claim. Id. In determining whether new and relevant evidence is presented or secured, VA will consider any VA treatment records reasonably identified by the claimant and any evidence received by VA after VA issued notice of a decision on the claim and while the evidentiary record was closed. Id. Therefore, the evidentiary window relevant to, and being considered for, the Veteran’s appeal is from July 31, 2017 to the date of this decision.

New evidence is evidence not previously part of the actual record before agency adjudicators. Id. at (a)(1). Relevant evidence is evidence that tends to prove or disprove a matter in issue and includes evidence that raises a theory of entitlement that was not previously addressed. Id. New and relevant evidence received before VA issues its decision on a supplemental claim is considered as having been filed in connection with the claim. Id. at (a)(2).

In a July 2017 rating decision, the RO denied the Veteran’s claim of entitlement to service connection for diabetes because his service treatment records did not contain complaints, treatment, or diagnosis for the same, and there was no evidence linking diabetes to service or a service-connected disability. Although the May 2019 rating decision, which is the basis of this appeal, acknowledged that new evidence was submitted to the record and favorably found that the Veteran had a current diagnosis for diabetes, it was determined that no relevant evidence was presented or obtained during the applicable evidentiary period. Therefore, the claim continued to be denied.

However, the Board now finds that during the relevant evidentiary period, evidence that was not previously associated with the record, but which may prove or disprove the elements of the claim for service connection for diabetes, was secured. Specifically, post-service treatment records not previously associated with the record but received prior to the rating decision on appeal reflect the Veteran’s reported history in May 2008 (more than 9 prior to the filing of his original 2017 claim) of diabetes for “more than 20 years,” buttressing his report of in-service onset of symptoms (e.g. since 1988). See 3/18/2019 medical treatment records (mislabeled as STR-Medical). This evidence is new and relevant, as it tends to prove matter in issue (nexus); accordingly, readjudication of the claim is warranted.

REASONS FOR REMAND

The Veteran asserts that, while in service, he was told that he was borderline diabetic and prescribed Actos. According to the Veteran, he continued to take Actos until his retirement from service, at which time he was started on Metformin. 

In this case, the AOJ favorably found that the Veteran has a current diagnosis for diabetes. Therefore, the only remaining considerations are whether the Veteran’s diabetes manifested in service, was causally related to a disease incurred in service, or whether there is continuity of diabetes symptomology from service. 

VA is obligated to provide an examination when the record contains competent evidence that the claimant has a current disability, the record indicates that the disability or signs and symptoms of disability may be associated with active service, and the record does not contain sufficient evidence to make a decision on the claim. See 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4); McLendon v. Nicholson, 20 Vet. App. 79 (2006). Here, there is a current diabetes diagnosis. There is also evidence of in-service disease and a potential link to the same. See 3/18/ 2019 post-service treatment records (mislabeled as STR-Medical) (with the Veteran reporting an onset of diabetes in 1988, years before filing his claim for the disability). Therefore, remand is necessary to obtain a VA examination.

The matter is REMANDED for the following action:

Schedule the Veteran for a VA examination to determine the nature and etiology of his diabetes. The entire claims file should be made available to and be reviewed by the clinician in conjunction with this request. 

After examining the Veteran and considering his reported history, the clinician should provide an opinion regarding the following:

Is it at least as likely as not (50 percent probability or greater) that the Veteran’s diabetes had its onset during the Veteran’s active service or is otherwise related to active service, or that there is a continuity of symptomology from service attributable to the Veteran’s currently diagnosed diabetes? 

In addressing this question, please discuss (1) the Veteran’s 2008 report of having diabetes “for more than 20 plus years (e.g. since 1988), as well as (2) the October 1995 report of blurry vision, (3) numerous vein stripping procedures in service (1984, 1989 x 2, 1994), and (4) the October 1990 notation of hypercholesterolemia in the Veteran’s service treatment records (STRs), and determine whether a nexus to service is “medically plausible” based on the same.

A complete rationale for the examiner’s opinion should be provided, citing to specific evidence of record, as necessary. If the examiner cannot provide an opinion without resort to speculation, the examiner must state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), a deficiency in the record (additional facts are required), or the examiner (does not have the knowledge or training).

If the inability to provide an opinion without resorting to speculation is due to a deficiency in the record (additional facts are required), the AOJ should develop the claim to the extent it is necessary to cure any such deficiency. If the inability to provide an opinion is due to the examiner's lack of requisite knowledge or training, then the AOJ should obtain an opinion from a medical professional who has the knowledge and training needed to render such an opinion.

 

S. BUSH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Z. Sloley, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.